{¶ 35} I agree with the majority as to the disposition of this case and with most of the analysis.
 {¶ 36} I disagree with the majority as to its interpretation of R.C. 3109.04(G). The majority indicates that it was error, though harmless, when the trial court failed to order appellee to prepare a shared parenting plan. I interpret this to mean that the majority finds that 3109.04(G) requires the trial court to order the appellee to file a shared parenting plan. R.C.3109.04(D)(1)(a)(iii) indicates differently. It states in part: ". . . if only one parent . . . files a motion and also files a plan, the court in the best interest of the children may order the other parent to file a plan for shared parenting in accordance with division (G) of this section. . . ." (emphasis added). In other words, Revised Code 3109.04(D)(1)(a)(iii) indicates that the trial court has discretion as to whether to order the other party to submit a shared parenting plan under the circumstances of the case sub judice.
 {¶ 37} Even though I disagree with the majority as to its analysis of the seventh assignment of error, I do, however, agree with the disposition of that assignment of error by the majority. But I do so because I find that the trial court did not abuse its discretion in not ordering appellee to prepare a shared parenting plan.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations division is affirmed.